UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KHADIM MBOW,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-817

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.7.)

In an Order entered on March 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 18, 2026 (ECF No. 5), and Petitioner filed his reply on March 20, 2026 (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States on or about October 28, 2023. (Pet., ECF No. 1, PageID.2, 3.) On January 22, 2026, Petitioner was arrested by ICE agents. (*Id.*)

On February 17, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Mbow v. Raycraft* (*Mbow I*), No. 1:26-cv-533, 2026 WL 574964 (W.D. Mich.). In *Mbow I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Mbow I*, (W.D. Mich. Mar. 2, 2026), (ECF Nos. 6, 7).

On March 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) At that hearing, Petitioner's counsel submitted several items of evidence in support of Petitioner's request for bond, while the Government relied solely on the I-213. (*Id.*) At the conclusion of the March 9, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Flight Risk. I-213 describes how Respondent was in a vehicle where the driver attempted to flee immigration authorities in his car which resulted in a high-speed chase. The driver wrecked the vehicle during the chase then Respondent and the driver attempted to escape on foot.

(Immigration Judge Order, ECF No. 1-3, PageID.59.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge "improperly denied bond by incorrectly finding that Petitioner was a flight risk." (Pet., ECF No. 1, PageID.1.) Specifically, Petitioner argues that the Immigration Judge failed to require the government to

demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   March 25, 2026                    /s/ Jane M. Beckering
                                           Jane M. Beckering
                                           United States District Judge

3